IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JIMMY DEWAYNE STANLEY                                        PLAINTIFF

V.                          Case No. 4:25-CV-00675-JM-BBM

DREW COUNTY DETENTION
FACILITY; and DOES, Doctor, Nurse,
Guards, Drew County Detention Facility                              DEFENDANTS

## **RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     **DISCUSSION**

On July 7, 2025, Jimmy Dewayne Stanley ("Stanley"), an inmate in the Drew County Detention Facility ("DCDF"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 2). Stanley filed a Certificate and Calculation Sheet that was signed by a DCDF official and reflected the funds in his institutional account, (Doc. 1), but he did not "submit[] an affidavit that includes a statement of all assets such prisoner possesses," 28 U.S.C. § 1915(a)(1).

Accordingly, by Order dated July 15, 2025, a blank motion to proceed *in forma pauperis* ("IFP Motion"), including the necessary affidavit, was sent to Stanley (Doc. 3 at 3). And Stanley was directed to either complete and sign the IFP Motion or pay the $405 filing fee in full. *Id.* Importantly, the July 15 Order informed Stanley of his duty to diligently prosecute his case under Local Rule 5.5(c)(2) and cautioned Stanley that, if he failed to comply with the Order, his case would be dismissed without prejudice. *Id.* at 1, 3.

Instead of completing and signing the IFP affidavit, Stanley resubmitted the Certificate and Calculation Sheet. (Doc. 4). Shortly after the time expired for Stanley to comply with the July 15 Order, Stanley filed a Motion for Status Update and Change of Address. (Doc. 6). So, by Order dated August 20, 2025, the Court provided Stanley an additional fourteen days to submit the IFP affidavit. (Doc. 7). Again, Stanley only resubmitted the Calculation and Certificate Sheet. (Doc. 8).

Under Local Rule 5.5(c)(2), Stanley has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Local Rule 5.5(c)(2). Additionally, Local Rule 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Stanley, is not responded to within 30 days, the case may be dismissed without prejudice. *Id*. Rule 41(b) of the Federal Rule of Civil Procedure allows the Court to "dismiss the action or any claim," "[i]f the plaintiff fails to prosecute or to comply with…a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).

Despite being given additional time to do so, Stanley has not complied with the July 15 Order. Moreover, Stanely has not provided the statutorily mandated information

2

necessary to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Accordingly, it is recommended that this case be dismissed without prejudice.

## II. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Stanley's case be DISMISSED without prejudice for failure to comply with the Court's Orders. Local Rule 5.5(c); Fed. R. Civ. P. 41(b).

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 15th day of September, 2025.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE